UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

IN THE MATTER OF THE ESTATE OF
ABDUL AKBAR, deceased by
MALIKAH AKBAR, duly appointed Personal
Representative,

                                              Case No. 2:15-cv-11459
                                              Hon. Bernard A. Friedman
                                              Mag. Judge Mona K. Majzoub

       Plaintiff,

vs.

**Wayne County, SERGEANT DEON HARPER,
KIRK TRACZYNSKI, Angela Jones, Angelique Jordan, Eric Robinson, Walil
Shabazz, Kevin Draper, Kimberly Sherrod, Alan Shulgon, James Jones and Nurse
Melanie Abner, Nurse Dozier, in their individual and official capacities,**
       jointly and severally,
       Defendants,
_____/

| | |
|---|---|
| David A. Robinson (P38754) | Zenna Elhasan (P67961) |
| **ROBINSON & ASSOCIATES, P.C.** | **Wayne County Corporation Counsel** |
| 28145 Greenfield Road, Suite 100 | Davidde A. Stella (P69948) |
| Southfield, MI 48076 | Robert P. Klucens (P53398) |
| (248) 423-7234 | Assistant Corporation Counsel |
| Attorneys for Plaintiff | 500 Griswold St., 11th Floor |
| **Thomas E. Kuhn (P37924)** | Detroit, MI 48226 |
| Co-counsel for Plaintiffs | (313) 224-5030 |
| 615 Griswold | dstella@waynecounty.com |
| Suite 515 | Attorneys for Defendants |
| Detroit, MI 48226-3998 | |
| (313) 963-5222 | |

_____/

## 2nd AMENDED COMPLAINT
## AND JURY DEMAND

NOW COMES the Plaintiff, by and through his attorneys, ROBINSON & ASSOCIATES, P.C., by DAVID A. ROBINSON, and states as follows:

1

1. Plaintiff, MALIKAH AKBAR ("Plaintiff") is a resident of the City of Detroit, County of Wayne and the State of Michigan.

2. On November 20, 2014, Plaintiff, MALIKAH AKBAR, was appointed Personal Representative of the ESTATE OF ABDUL AKBAR.

3. Plaintiff MALIKAH AKBAR at all times herein mentioned is a citizen of the United States of America. MALIKAH AKBAR resided in the City of Detroit, County of Wayne, State of Michigan during the events described herein.

4. Plaintiff ESTATE OF ABDUL AKBAR is represented by MALIKAH AKBAR who is authorized as Personal Representative to act on behalf of the decedent, ABDUL AKBAR, as defined pursuant to the Michigan Probate Code with respect to the decedent's interest in this action and brings this action as a Wrongful Death action, including, but not limited to a survival action, for injuries and damages sustained.

5. Plaintiff's Decedent, ABDUL AKBAR, was a citizen and resident of the City of Detroit, Wayne County, State of Michigan.

6. Defendants, Deon Harper, Kirk Traczynski, Angela Jones, Angelique Jordan, Eric Robinson, Walil Shabazz, Kevin Draper, Kimberly Sherrod, Alan Shulgon, James Jones, Nurse Dozier and Nurse Melanie Abner ('Individual Defendants') are employees of Defendant Wayne County, organized and existing under the constitution and laws of the State of Michigan, and were acting under color of law in their individual and official capacities.

7. Jurisdiction is proper in the court, because the Defendant's wrongful conduct

and Plaintiff's injuries occurred in Wayne County and the amount in controversy exceeds $25000.

## FACTS

8. Plaintiff hereby repeats and re-alleges paragraphs 1-7 as though fully set forth word-for-word herein.

9. Defendants assaulted and battered Plaintiff's decedent on or about October 23, 2014, using excessive force, and then failed to properly care for him while he was in their custody resulting in his death.

10. Defendants failed to care for Plaintiff's decedent after recognizing that he was seriously and obviously injured from their assault, and recognizing the significant risk that his condition would deteriorate without immediate medical attention.

## COUNT I
## GROSS NEGLIGENCE

11. Plaintiffs re-allege all prior paragraphs.

12. Individual Defendants owed Plaintiffs a duty of care, including but not limited to a:

    a. Duty to provide protection for Plaintiff when he was in a helpless condition;

    b. Duty not to make Plaintiff's condition worse after taking him into their custody and control;

    c. Duty to properly supervise other officers;

    d. Duty to properly assure the safety of Plaintiff when he was in their care;

    e. Duty not to discontinue their aid or protection, and by so doing leave Plaintiff in a worse position than when the Defendants took charge of him. Rest. 2nd Torts §324;

    f.   Duty to exercise reasonable care to perform an undertaking, after they undertook to render services to Plaintiff which they should have recognized as necessary for the protection of Plaintiff's person, and failed and, their failure to exercise such care increased the risk of such harm. Rest.2nd Torts § 323, §324A.

13.    The actions of the Individual Defendants wantonly and recklessly, in gross negligence, violated the duties to Plaintiff and disregarded Plaintiff's rights.

14.    The Individual Defendants' actions in acting with gross negligence and denying Plaintiff's rights caused loss of rights and injury to the Plaintiff.

15.    The Individual Defendants' actions were in wanton, reckless and callous disregard to Plaintiff's rights and to the injury to Plaintiff and were grossly negligent.

16.    Under MCL 691.1407, citizens may maintain an action in tort against police officers whose actions constitute gross negligence and state granted immunity does not bar such a claim even when the officer is acting within the scope of his authority.

17.    As a direct and proximate result of the Individual Defendant's actions, Plaintiff suffered injury and damages including, but not limited to, economic, non-economic, pain, suffering, loss of consortium, loss of companionship, emotional distress and death.

**WHEREFORE**, the Plaintiff demands judgment against the Defendant for whatever amount a jury shall determine together with interests, costs, and attorney fees.

## COUNT I - FEDERAL CONSTITUTIONAL VIOLATIONS

18.    Plaintiff hereby incorporates by reference the preceding paragraphs as though fully set forth herein.

19. All the Defendants, at all times herein, owed Plaintiff the duty of protecting his federal constitutional rights, including the following guaranteed rights:

    a. the right to adequate medical attention while in custody of Defendants;

    b. the right to be free from retaliation for protected speech;

    c. the right to be free from bodily harm and injury caused unjustifiably while in custody of Defendants;

    d. the right to be free from the use of excessive force and cruel and unusual punishment in violation of the 4th and 8th Amendments.

20. These Defendants, acting under color of state law, violated these rights by using excessive force, using cruel and unusual punishment, denying Plaintiff medical attention for a serious medical need in a reasonably foreseeable time after Plaintiff originally complained about the problem, and retaliating against protected speech.

21. As a direct result of the Defendants' conduct, Plaintiff was caused to sustain severe, intractable and constant pain for a period of many hours before being seen by medical professionals and ultimately death.

22. Ultimately Plaintiff was taken to the hospital where he was admitted and treated.

23. These actions on the part of all Defendants violated the United States Constitution, particularly the First, Fourth, Eighth and Fourteenth Amendments, which is actionable pursuant to 42 USC §1983.

24. As a result of Defendants actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: great pain, mental anguish, emotional

5

distress, embarrassment, humiliation, past and future economic damages and other disabilities, loss of society, companionship.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

### COUNT II - DEFENDANT WAYNE COUNTY'S VIOLATION OF FEDERAL RIGHTS

25. Plaintiff hereby incorporates by reference the preceding paragraphs as though set forth fully herein.

26. The Defendants, and each of them, owed duties to Plaintiff, which included the duty to not use excessive force, not to use cruel and unusual punishment, and to provide reasonable and adequate medical attention for a serious medical condition in a reasonably time after Plaintiff's original complaints. In addition, these duties include the duty to implement and monitor an adequate hiring and training program for all officers and deputies working at the City of Wayne County Jail so that they would be capable of making decisions about the use of excessive force, cruel and unusual punishment, retaliation and the need for medical care in the absence of a health care professional.

27. Defendants failed in these above duties to adequately train detention facility/jail personnel, and historically have had a policy, custom, and practice of failing to

implement an adequate training program to properly train detention facility/jail personnel.

28. Defendants adopted, ratified and/or implemented the policies, practices and procedures which used excessive force, cruel and unusual punishment, and denied Plaintiff medical treatment within a reasonable period of time and did so with deliberate indifference to the Plaintiff's rights, including his serious medical needs thereby violating Plaintiff's constitutional rights.

29. The acts and omissions of the Defendants taken pursuant to the de facto policies, practices and procedures, adopted, ratified and/or implemented by Defendants, impermissibly condoned and allowed for the use of excessive force, cruel and unusual punishment, denial of proper medical care and treatment to residents of the city of Wayne County Jail, such as Plaintiff, which amounts to deliberate indifference in the denial of such detainees' civil rights as are guaranteed by the Constitution of the United States.

30. The aforesaid acts and omissions of Defendants were all committed under color of law and under color of their official authority as a City of Wayne County officers/employees and/or peace officers.

31. The acts and omissions of the Defendants constituted deliberate indifference to Plaintiff's rights, including but not limited to, use of excessive force, use of cruel and unusual punishment, to failure to address the serious and apparent medical needs of Plaintiff, in violation of the First, Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States and, hence, are actionable under 42 USC §1983.

32. Despite Defendant's knowledge of the said illegal policies, practices and procedures, Defendant's supervisory policy making officers and officials or employees of the City of Wayne County, as a matter of policy, practice and procedure, said Defendants:

   a. failed to take appropriate and necessary steps to discover and determine that said policies, practices and procedures had and would continue to result in injuries to Plaintiff and those similarly situated; specifically, Defendants failed to have a policy regarding use of excessive force, cruel and unusual punishment, of assessing serious medical need for illnesses common to an ordinary person or, if having such policy, failed to enforce the same.

   b. failed to discipline and properly supervise the individual officers, deputies, and employees who engaged in the said acts pursuant to these policies, practices and procedures which resulted in Plaintiff's injury;

   c. failed to effectively train and supervise the said individual Defendants with regard to the proper constitutional and statutory limits of their authority;

   d. ratified said policies, practices and procedures which caused Plaintiff's injury through their deliberate indifference to the effect of said policies, practices and procedures on the constitutional rights of citizens such as Plaintiff;

   e. failed to formulate or adopt appropriate policies, practices and procedures to instruct and train employees and jail personnel in the implementation of such policies, practices and procedures to protect inmates similarly situated to Plaintiff;

   f. adopt and ratify policies, practices and procedures which constitute a violation of the United States Constitution, or played a significant causal role in denial of the constitutional rights of Plaintiff.

33. As a result of Defendants' actions and omissions, Plaintiff has suffered damages which include but are not limited to the following: economic damages, past and present, great pain, mental anguish, emotional distress, loss of society, companionship and consortium, disfigurement, embarrassment, and humiliation and death.

WHEREFORE, for all the above reasons, Plaintiff demands judgment against Defendants, jointly and severally, in whatever amount he is found to be entitled, as determined by the trier of fact, together with punitive and/or exemplary damages, costs, interests, attorney fees, including but not limited to such attorney fees as are allowable under 42 USC §1988.

### COUNT III - FEDERAL UNITED STATES CONSTITUTIONAL VIOLATIONS BY INDIVIDUAL DEFENDANTS

34. Plaintiff hereby incorporates by reference the preceding paragraphs as though set forth fully herein.

35. The individual Defendants owed a duty to Plaintiff as a resident detainee of the City of Wayne County Jail to provide him with appropriate and reasonable medical care upon being aware of his serious medical condition, including but not limited to:

   a. proper monitoring of Plaintiff's health and physical condition;

   b. regularly examining Plaintiff for signs and symptoms of medical illness or disease after he had made complaints regarding such;

   c. detecting signs and symptoms of Plaintiff's serious health condition and providing timely intervention of the same.

36. Despite the individual Defendants' knowledge of the ongoing suffering of the Plaintiff, they refused to take reasonable steps to provide for Plaintiff's safety and provide medical attention, at variance with constitutional standards as follows:

   a. failing to take action on the seriousness of Plaintiff's complained of condition when they knew or should have known that the Plaintiff was suffering from a serious medical condition, which can be potentially fatal if the patient is not properly attended to;

b.  failing to have Plaintiff evaluated by a medical professional within a reasonable time of his registering complaints of his condition while in the custody of Defendants, when he was suffering from a potentially fatal medical condition;

c.  failing to have Plaintiff evaluated at the jail by a nurse, doctor and/or emergency medical service technician when he was in need of immediate medical attention and supervision.

d.  failing to transport Plaintiff to a medical facility within a reasonable time of his complaints which would have successfully treated Plaintiff's condition ;

e.  failing to investigate and communicate the severity of Plaintiff's condition when he was suffering in his cell and in the custody of the City of Wayne County;

f.  failing to order Plaintiff's immediate hospitalization and to provide the necessary treatment for the well-known dangers regarding his complaint.

37. As a direct and proximate result of the individual Defendants failing to respond to Plaintiff's serious medical condition, Plaintiff has suffered damages which include but are not limited to the following: economic damages, past and present, great pain, mental anguish, emotional distress, loss of companionship, society and consortium, embarrassment, humiliation and death.

WHEREFORE, for all of the above reasons, Plaintiff demands judgment against the Defendants jointly and severally in whatever amounts he is found to be entitled as determined by the trier of fact together with punitive and/or exemplary damages, costs, interest and actual attorney fees.

              s/David A. Robinson
              David A. Robinson (P 38754)
              Thomas E. Kuhn (P37924)
              Attorney for Plaintiff
              28145 Greenfield Rd., Ste. 100
              Southfield, MI 48076
              (248) 423-7234
              davidrobinsonlaw@gmail.com

## JURY DEMAND

**NOW COMES** the Plaintiffs and demand trial of their cause by jury.

                                  Respectfully submitted,

                                  **ROBINSON & ASSOCIATES, P.C.**

                                    /s/ David A. Robinson
                                  **DAVID A. ROBINSON (P 38754)**
                                  Attorneys for the Plaintiff
                                  28145 Greenfield Road, Suite 100
                                  Southfield, MI 48076
                                  (248) 423-7234

Dated:  February 19, 2016